## 816

### BRAUN v. LIMERICK NAT. BANK et al.
### No. 983.

District Court, D. Maine, S. D.
Feb. 12, 1935.

Cook, Hutchinson, Pierce & Connell, of Portland, Me., for plaintiff.

Drummond & Drummond and Elton H. Thompson, all of Portland, Me., and Edw. S. Titcomb, of Sanford, Me., for defendants.

PETERS, District Judge.

This matter was heard on motion to dismiss the bill, which is a creditors' bill brought by the conservator of a trust company against a national bank and its stockholders under authority of the Act of June 30, 1876, § 2 (12 USCA § 65).

The defendant bank went into voluntary liquidation in 1931.

The first ground advanced in support of the motion is the alleged want of necessary parties, because the liquidating committee or agent was not joined as a defendant.

Neither the statute nor the situation requires such a joinder. According to the bill there are no assets, except this so-called asset of stock-liability, and there is no allegation of any misfeasance or other activity involving any agent or committee. If it should later appear that the presence of any other person is necessary to a complete determination of the cause, he could be added under rule 37.

The second ground, in substance, is that, as the defendant bank is insolvent, the bill should have contained a prayer for a receiver; that effective relief can only be had through a receiver.

This objection also is not well taken. The act of 1876, above referred to, contains two sections adapted to different situations. Section 1, now 12 USCA § 191, covers involuntary liquidation of a national bank, and requires the appointment of a receiver by the Comptroller.

Section 2, now 12 USCA § 65, covers voluntary liquidation and does not require a receiver, although no doubt one could be appointed as an arm of the court if it became necessary or convenient in the course of the enforcement of the stockholders' liability in the manner provided for in that section. The defendant stockholders are apprehensive lest their stock liability be the subject of another action brought by a receiver appointed by the Comptroller, and that their statutory liability be collected twice. However, that is not possible. Only one liability has been created by statute, although there is more than one possible way of enforcing it, depending upon the situation. The matter of voluntary and involuntary liquidations are covered by the two sections referred to. Under some circumstances the liability may be enforced under the general equity powers of the court. See Richmond v. Irons, 121 U. S. 27, 7 S. Ct. 788, 30 L. Ed. 864.

But, however enforced, by whatever machinery collected, the amount of the stockholders' statutory liability can only be collected once. If the court lawfully takes jurisdiction in the case of voluntary liquidation under section 2 of the act of 1876 (the section under which this suit is brought by the plaintiff for the benefit of all persons interested), the Comptroller has neither jurisdiction nor authority to proceed by a re-

ceiver to collect under section 1 or under the provisions of the act of 1864 referred to in Richmond v. Irons, above.

In the case of King v. Pomeroy (C. C. A.) 121 Fed. 287, 293, Judge Sanborn of the Eighth Circuit went into this and kindred questions exhaustively, and after referring to various cases in the United States Supreme Court which were thought to be to the contrary, says: "But there is nothing in the opinions or decisions in these cases to the effect that any action of the Comptroller is either authorized or required to empower a court which has lawfully taken jurisdiction of the administration of the affairs of an insolvent bank in voluntary liquidation to empower its receiver to enforce the liability of the shareholders of such a bank. In such a case the Comptroller has neither jurisdiction nor authority. The court which is conducting the litigation is vested with plenary power to effect and to complete it. The determination of the necessity of enforcing the shareholders' liability, and of the amount required from the shareholders to complete the liquidation, is a necessary step in the proceeding before it; one which the court has ample authority to take, and in which its decision and order is as conclusive as is the Comptroller's in the cases within his jurisdiction. The court draws to itself the requisite jurisdiction to complete the administration which it is conducting, and excludes the jurisdiction of all other tribunals."

It follows that the motion to dismiss is denied.